## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT BOWLING GREEN

**BYRON HASH**
    Plaintiff

v.                                                                                                            **No. 1:07CV-00125-J**

**MICHAEL ASTRUE**
    Commissioner of Social Security
    Defendant

## MAGISTRATE JUDGE'S REPORT
## and RECOMMENDATION

This matter is before the court upon the plaintiff's complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). The plaintiff is represented by Charles Binder. The fact and law summaries of the plaintiff and the defendant are at Docket Entry Nos. 11 and 14, respectively. This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636.

The final decision of the Commissioner was rendered on October 6, 2005, by administrative law judge (ALJ) Roger Reynolds. In support of his decision denying Title II benefits, Judge Reynolds entered the following numbered findings:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's chronic low back pain secondary to degenerative disc disease of the lumbar spine with disc bulges; depressive disorder, not otherwise specified; history of capillary arteriovenous malformation (with black out spells, now in remission); obesity; anxiety, not otherwise specified; and gastroesophageal reflux disease are considered "severe" based on the requirements in the Regulations 20 CFR § 404.1520(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the residual functional capacity for a significant range of light work. He requires a sit-stand option at one-hour intervals; no climbing of ropes, ladders or scaffolds; no work at heights, around industrial hazards or concentrated vibration, and no commercial driving secondary to history of blackouts; occasional climbing of stairs or ramps; occasional bending, twisting, stooping, kneeling, crouching or crawling; requires entry level work with 1-2-3 step procedures, no frequent changes in work routines, no requirement for problem solving, independent planning or the setting of goals; and only occasional interaction with the general public, co-workers or supervisors.

7. The claimant is unable to perform any of his past relevant work (20 CFR § 404.1565).

8. The claimant is an "individual closely approaching advanced age" (20 CFR § 404.1563).

9. The claimant has a "high school education" (20 CFR § 404.1564).

10. The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 CFR § 404.1568).

11. Although the claimant's exertional limitations do not allow him to perform the full range of light work, using Medical-Vocational Rule 202.14 as a framework for decision-making, there are a significant number of jobs in the national economy that he could perform.

12. The claimant was not under a "disability," as defined in the Social Security Act at any time through the date of this decision (20 CFR § 404.1520(g)).

(Administrative Record (AR), pp. 24-25).

## Governing Legal Standards

1. The court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. 42 U.S.C. § 405(g), sentence four. In exercising its "sentence four" jurisdiction, the court is limited to determining whether the Commissioner's controlling findings are supported by substantial evidence and whether the Commissioner employed the proper legal

2

standards in reaching her decision. *Richardson v. Perales*, 402 U.S. 389 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Kirk v. Secretary*, 667 F.2d 524 (6th Cir., 1981). It has been described as a sufficient amount of evidence "to justify, if the trial were to a jury, a refusal to direct a verdict." *Sias v. Secretary*, 861 F.2d 475, 480 n. 1 (6th Cir., 1988). In determining whether the Commissioner's findings are supported by substantial evidence, the court must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight. *Wyatt v. Secretary*, 974 F.2d 680 (6th Cir., 1992). However:

> The substantial-evidence standard allows considerable latitude to administration decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interferences by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

*Mullen v. Secretary*, 800 F.2d 535, 545 (6th Cir., 1986).

When conducting substantial evidence review, the court is restricted to a consideration of the evidence that was before the Commissioner on the date of the final decision. When the Appeals Council declines to review the ALJ's decision and render a new decision, the ALJ's decision becomes the Commissioner's final decision. *Cotton v. Secretary*, 2 F.3d 692 (6th Cir., 1993).

    2. To be entitled to disability insurance benefits (DIB), a claimant must be under the age of 65 years, must meet the insured status requirements of Title II of the Social Security Act, and must be under a disability as defined by the Act.

    3. Disability determination is a five-step sequential evaluation process, to-wit:

**STEP #1** The claimant must not be engaged in substantial gainful activity.

**STEP #2** The alleged disabling impairment must be "severe." A "severe" impairment is one that "significantly limits" a claimant's ability to do "basic work activities" that are "necessary to do most jobs" such as walking, standing, sitting, lifting, seeing, hearing, and speaking. 20 C.F.R. §§ 404.1521 and 416.921. Only a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience" is "nonsevere." *Farris v. Secretary*, 773 F.2d 85, 89-90 (6th Cir., 1985). Any physical or mental impairment that has more than a <u>de minimis</u>, or significant, effect on the claimant's ability to work is "severe," and the sequential evaluation should proceed to Step #3. In addition, the "severe" impairment must satisfy the so-called duration requirement, to-wit, the impairment must be expected to result in death or "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1509 and 416.909.

**STEP #3** If the claimant has a medical condition that meets or exceeds the criteria for an impairment defined in Appendix 1 of 20 C.F.R. Part 404, Subpart P of the regulations ("the Listing"), a conclusive presumption attaches that the claimant is disabled.

**STEP #4** The claimant must not be able to perform his past relevant work either as he actually performed it or as it generally performed in the national economy.

**STEP #5** If the claimant makes a <u>prima facie</u> showing that he cannot perform his past relevant work, the burden of going forward with evidence shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can perform. *Born v. Secretary*, 923 F.2d 1168 (6th Cir., 1990). The focus of judicial review in Step #5 cases is typically whether

the controlling hypothetical posed to the vocational expert reflected all vocationally significant physical and mental limitations actually suffered by the claimant. *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987).

## Discussion

This case was denied at the fifth and final step of the sequential evaluation process based upon testimony at the administrative hearing of a vocational expert (VE). The VE testified that an individual with the physical and mental limitations summarized in ALJ's Finding No. 6 can perform a significant number of jobs in the national economy (AR, pp. 405-407). Unless the plaintiff points the court to evidence in the administrative record of limitations in excess of those contemplated by the vocational hypothetical, the court should affirm the ALJ's decision upon the strength of the vocational testimony. See *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987). The plaintiff has identified no such evidence. Therefore, we shall recommend an affirmance of the Commissioner's final decision. We shall consider the plaintiff's specific contentions in turn.

## Dr. Koford's Opinion

First, the plaintiff argues that the ALJ erred in declining to give controlling weight to the opinion of his treating physician, Chris Koford. On April 14, 2005, Dr. Koford completed the Spinal Impairment Questionnaire (AR, pp. 254-260). Among other things, Dr. Koford opined as follows (AR, pp. 257-258):

1. The plaintiff can sit for no more than one hour during an eight-hour day.

2. The plaintiff can stand/walk for no more than zero to one hour during an eight-hour day.

3. The plaintiff cannot sit continuously in a work setting but rather must get up and move around for ten minutes after one hour of sitting.

5

4. The plaintiff cannot stand/walk continuously in a work setting.

5. The plaintiff can lift/carry five to twenty pounds occasionally and zero to five pounds frequently.

6. The plaintiff will likely be absent from work as a result of impairments or treatment more than three times a month.

In his written decision, the ALJ found as follows (AR, pp. 20-21):

On April 14, 2005, Dr. Koford assessed the claimant with an ability to lift 10-20 pounds occasioanlly, and 5 pounds frequently; and sit at 1 hour intervals. The undersigned rejects the remainder of the residual functional capacity since the claimant was able to work at light duty (the claimant reported he performed adequately on light duty but had problems once he was put back on regular duty), go deer hunting and perform active activities of daily living; there is no objective basis for the residual functional capacity of Dr. Koford.

The magistrate judge finds and concludes as follows:

*Finding nos. 1 through 4:* Standing alone and in isolation from his other findings, Dr. Koford's finding no. 1, above, may suggest that Dr. Koford was of the opinion that the plaintiff can sit for no more than one hour total during an eight-hour day. However, Dr. Koford's finding no. 3 is that the plaintiff can sit continuously for one hour at a time. The magistrate judge concludes that substantial evidence supports a conclusion that Dr. Koford intended only to opine with respect to how long the plaintiff can sit (i.e., one hour) before needing to get up and move around. The undersigned further concludes that Dr. Koford's finding nos. 1 through 4 as a whole are compatible with ALJ's Finding No. 6 that the plaintiff requires a sit-stand option at one-hour intervals. Therefore, we do not reach the issue of whether these findings are entitled to controlling weight.

*Finding no. 5:* "Light" work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). The

magistrate judge concludes that Dr. Koford's finding no. 5 that the plaintiff can lift/carry twenty pounds occasionally is compatible with the requirements of "light" work. However, Dr. Koford's finding that the plaintiff can lift/carry no more than five pounds frequently is incompatible with performance of the full range of "light" work. Therefore, the issue is whether Dr. Koford's finding that the plaintiff can lift/carry no more than five pounds, as opposed to ten pounds, frequently is entitled to controlling weight.

A treating physician's opinion is entitled to controlling weight only if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record." 20 C.F.R. § 404.1527(d)(2). Dr. Koford based his assessment upon the following (AR, p. 254): "Chronic low back pain with lumbar degenerative disc disease, facet arthropathy L3-4 through L5-S1, and foraminal stenosis at L4-5 and L5-S1." The magistrate judge concludes that the foregoing provides an insufficient objective medical basis for limiting the plaintiff to lifting of no more than five, as opposed to ten, pounds on a frequent basis. Furthermore, Dr. Koford's finding that the plaintiff can lift no more than five pounds frequently is inconsistent with other substantial medical evidence in the record. On June 11, 2005, the plaintiff was examined at the request of the Commissioner by Mark Vollenweider, M.D. Dr. Vollenweider found, among other things, that the plaintiff can lift twenty pounds frequently (AR, p. 350). One "obvious inconsistency"as contemplated by 20 C.F.R. § 404.1527(d)(2) is "when two medical sources provide inconsistent medical opinions about the same issue." Social Security Ruling (SSR) 96-2p. The magistrate judge concludes that, under both prongs of § 404.1527(d)(2), Dr. Koford's finding that the plaintiff can lift no more than five pounds frequently is not entitled to controlling weight.

*Finding No. 6:* Dr. Koford opined that the plaintiff will likely be absent from work as a result of impairments or treatment more than three times a month. The VE testified that this level of absenteeism would be incompatible with any type of full-time employment (AR, p. 408). The magistrate judge concludes that Dr. Koford's opinion with respect to the plaintiff's absenteeism does not rise to the level of a "medical opinion." On the contrary, it is an opinion that would "direct the determination or decision of disability," which is entitled to "no special significance." 20 C.F.R. § 404.1527(e). As this opinion of Dr. Koford is not a "medical opinion," it is not entitled to controlling weight.

### Dr. Vollenweider's Opinion

Next, the plaintiff argues that "this is the rare case when even the defendant's own doctor [i.e., Dr. Vollenweider] gives an opinion which is consistent with a finding of disability!" (Docket Entry No. 11, p. 20). As a preliminary matter, the magistrate judge observes that the dispositive question upon judicial review is not whether a physician's opinion is consistent with a finding of disability, but rather whether the opinion requires such a finding. In any event, on June 11, 2005, the plaintiff was examined at the request of the Commissioner by Mark Vollenweider, M.D. Dr. Vollenweider's narrative report is at AR, pp. 345-349, and his completion of the standard physical assessment form is at AR, pp. 350-353. Dr. Vollenweider found, among other things, as follows (AR, pp. 350-351):

1. The plaintiff can lift twenty-five pounds occasionally and twenty pounds frequently.

2. The plaintiff can stand/walk at least two hours in an eight-hour workday.

3. The plaintiff must periodically alternate sitting and standing to relieve pain or discomfort.

The magistrate judge concludes that, although Dr. Vollenweider's findings might support the plaintiff's disability on some level, they are also compatible with ALJ's Finding No. 6 that the plaintiff is restricted to a limited range of "light" work with a sit-stand option every hour.

### The Opinions of Drs. Hunt, Johnson, and Verghis

Next, the plaintiff contends that "[t]his case is unique in that every doctor who actually examined and/or treated the plaintiff for his physical complaints – five in all – actually gave opinions which support the conclusion that plaintiff does not retain the physical or mental abilities required to maintain employment" (Docket Entry No. 11, p. 16). We have already discussed the opinions of Drs. Koford and Vollenweider. The magistrate judge concludes that the plaintiff's reliance upon the opinions of Drs. Daniel Hunt, John Johnson, and Arul Verghis is unpersuasive because they offer only raw clinical finding and diagnoses and do not attempt to quantify what the plaintiff can still do despite his impairments. Lay persons, including the plaintiff, his attorney, the ALJ, and this court, are "simply not qualified to interpret raw medical data in functional terms." *Nguyen v. Commissioner*, 172 F.3d 31, 35 (1st Cir., 1999). Similarly, the mere existence of a diagnosed condition "says nothing about the severity of the condition." *Higgs v. Commissioner*, 880 F.2d 860, 863 (6th Cir., 1988). At best, the plaintiff has established that substantial evidence would have supported greater restrictions than found by the ALJ. However, an "administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Mullen v. Secretary*, 800 F.2d 535, 545 (6th Cir., 1986).

### Dr. Hortoillosa's Opinion

On May 24, 2005, the treating psychiatrist, Lew Hortoillosa, completed the Psychiatric/Psychological Impairment Questionnaire. Dr. Hortoillosa identified a number of "marked" limitations including the following (AR, pp. 357-359):

9

1. Inability to maintain attention and concentration for extended periods.

2. Inability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerance.

3. Inability to work in coordination with or proximity to others without being distracted by them.

4. Inability to make simple work-related decisions.

5. Inability to complete a normal workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.

6. Inability to accept instructions and respond appropriately to criticism from supervisors.

7. Inability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes.

8. Inability to respond appropriately to changes in the work setting.

9. Inability to set realistic goals or make plans independently.

On the portion of the form that asked Dr. Hortoillosa to "please explain the basis for your conclusions," Dr. Hortoillosa stated as follows: "due to client's depressive symptoms and chronic back pain he may be incapable of even low stress" (AR, p. 360).

In his written decision, the ALJ identified the following reasons for declining to give controlling weight to Dr. Hortoillosa's disabling opinions (AR, p. 21):

> The undersigned rejects the limiting psychiatric/psychological impairment questionnaire dated May 24, 2005 by Dr. Lew Hortoillosa. Not only is the questionnaire inconsistent with the other evidence of record and unsupported by treatment records, but it is inconsistent with the diagnoses of major depression (stable) and mood disorder due to general medical condition. On June 11, 2005, the claimant was noted to have no limitations understanding, remembering, and carrying out simple instructions; and he did not demonstrate any mental limitations.

10

The magistrate judge concludes that the ALJ identified a substantial basis for declining to give controlling weight to Dr. Hortoillosa's disabling findings.

## Dr. Edwards' Opinion

On October 5, 2003, the plaintiff was examined at the request of the Commissioner by Wayne Ross Edwards, M.D. Dr. Edwards' narrative report is at AR, pp. 186-191. The plaintiff attempts to rely upon a single statement from that report to the effect that "[a]t this time, the patient would have limited ability to work eight hours a day, five days a week without psychiatric symptoms based upon the patient's overall presentation and level of treatment" (AR, p. 191). On October 20, 2003, in light of Dr. Edwards' narrative report and the evidence as a whole, the nonexamining state agency psychologist completed the standard mental assessment form in a manner consistent with the ALJ's Finding No. 6 (AR, pp. 206-207). The magistrate judge concludes that the plaintiff's reliance upon Dr. Edwards' statement is unpersuasive.

## Credibility

Finally, the plaintiff challenges the ALJ's credibility findings. The Commissioner's credibility determination is an open-ended multi-factors approach. See 20 C.F.R. § 404.1529 ("How we evaluate symptoms, including pain") and Social Security Ruling (SSR) 96-7p. Absent a compelling reason, a reviewing court should not disturb an ALJ's credibility findings. *Smith v. Secretary*, 307 F.3d 377, 379 (6th Cir., 2001). The ALJ and not a reviewing court is to make credibility findings regarding a claimant's subjective complaints. *Murphy v. Secretary*, 801 F.2d 182, 184 (6th Cir., 1986). An ALJ's opportunity to observe the appearance and demeanor of a claimant during the hearing is invaluable and will not "lightly be discarded" by a reviewing court. *Villarreal v. Secretary*, 818 F.2d 461, 463 (6th Cir., 1987). The notion that special deference is owed to a credibility finding by a trier of fact is deeply embedded in our laws.

The opportunity to observe the demeanor of a witness, to evaluate what is said in light of how it is said, and to consider how it fits in with the rest of the evidence gathered is invaluable and should be give proper consideration.  *Beavers v. Secretary*, 577 F.2d 383, 387 (6th Cir., 1978).  The magistrate judge concludes that the plaintiff has failed to show that the ALJ acted outside his province or abused his discretion in reaching his credibility findings.

## RECOMMENDATION

The magistrate judge RECOMMENDS that the final decision of the Commissioner be AFFIRMED and that the plaintiff's complaint be DISMISSED.

**NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1), any party shall have a period of ten (10) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court.  Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within ten (10) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections.  A period of three days shall be added to each ten (10) day period above pursuant to Fed.R.Civ.P. 6(e).

The court shall not conduct a de novo review of objections that are general, conclusory, or merely adopt previous pleadings.  The original objections shall be sent to the Clerk of Court either electronically or by mail.  A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov.  Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party.  *Thomas v. Arn*, 474 U.S. 140 (1985).